UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN BARRY REISMAN,<br><br>Defendant. | Case No. CR21-207-RSL<br><br>ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant Steven Barry Reisman's "Motion for Early Termination of Supervised Release" (Dkt. # 5).  Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

Defendant pleaded guilty to (1) three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and (2) one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a). Dkt. # 2-1.  On July 30, 2018, the United States District Court for the Central District of California sentenced defendant to 36 months of imprisonment and three years of supervised release.  Id.  Defendant's term of supervised release commenced on April 19, 2021. Dkt. # 1. This Court accepted jurisdiction over defendant on December 9, 2021.  Id.

Defendant moves the Court to terminate his term of supervised release.  See generally Dkt. # 5.  The government does not oppose this request.  See generally Dkt. # 9.  Probation does not support early termination solely because of the nature of the underlying offense.  See Dkt. # 5 at 1, 3-4.

The Court may "after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court enjoys "discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (citing United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999)).

The Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and concludes that termination of defendant's term of supervised release is appropriate. Defendant appears to be a low risk to the community. Prior to his instant conviction, defendant had no criminal history. While on supervised release he has complied with the conditions set by the Court, obtained steady employment with two employers, learned money management skills, and developed prosocial relationships with his siblings. Termination of defendant's term of supervised release is therefore warranted by defendant's conduct and the interest of justice. See 18 U.S.C. § 3583(e)(1).

For all of the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion for early termination of supervised release (Dkt. # 5) is GRANTED. The Court wishes defendant well.

DATED this 19th day of August, 2022.

Robert S. Lasnik
United States District Judge

ORDER GRANTING EARLY
TERMINATION OF SUPERVISED RELEASE - 2